*SG Maryland, LLC v. PMIG 1024, LLC*, No. 0137, September Term 2023. Opinion by Albright, J.

**COURTS – CONCURRENT AND CONFLICTING JURISDICTION – COURTS OF THE SAME STATE – IN GENERAL – EXCLUSIVE OR CONCURRENT JURISDICTION**

The District Court does not have exclusive jurisdiction over landlord-tenant actions under Section 4-401(4) of the Courts and Judicial Proceedings ("CJP") Article when the tenant is no longer in possession of the property and plaintiff only seeks to recover damages for a prior holdover under Section 8-402 of the Real Property ("RP") Article.

**LANDLORD AND TENANT – REENTRY AND RECOVERY OF POSSESSION BY LANDLORD – ACTIONS FOR UNLAWFUL DETAINER – STATUTORY PROVISIONS**

While possessory actions brought under Section 8-402 of the Real Property ("RP") Article are within the exclusive jurisdiction of the District Court under Courts and Judicial Proceedings ("CJP") Article Section 4-401(4), claims only for damages from a prior holdover are not actions "involving landlord and tenant" under CJP Section 4-401(4).

**LIMITATION OF ACTIONS – COMPUTATION OF PERIOD OF LIMITATION – ACCRUAL OF RIGHT OF ACTION OR DEFENSE – CONTRACTS IN GENERAL – BREACH OF CONTRACT IN GENERAL**

In breach of contract cases, a cause of action typically accrues, for limitations purposes, at the time of the breach. Although damages must be present, accrual still occurs even when the precise amount of damages is not known so long as some evidence of legal harm has been shown.

**LIMITATION OF ACTIONS – COMPUTATION OF PERIOD OF LIMITATION – PENDENCY OF LEGAL PROCEEDINGS, INJUNCTION, STAY, OR WAR – SUSPENSION OR STAY IN GENERAL; EQUITABLE TOLLING**

Judicial tolling is applied rarely and narrowly. A tolling exception to a statute of limitations applies only if: (1) there is persuasive authority or persuasive policy considerations supporting the recognition of the tolling exception, and (2) recognizing the tolling exception is consistent with the generally recognized purposes for the enactment of statutes of limitations. An injunction does not warrant judicial tolling of a limitations period where the injunction did not stop plaintiff from filing its claims within the limitations period.

Circuit Court for Anne Arundel County
Case No. C-02-CV-21-000897

REPORTED

IN THE APPELLATE COURT

OF MARYLAND

No. 0137

September Term, 2023

_____

SG MARYLAND, LLC

v.

PMIG 1024, LLC

_____

Reed,
Albright,
Raker, Irma S.,
   (Senior Judge, Specially Assigned),

JJ.

_____

Opinion by Albright, J.

_____

Filed: December 31, 2024

Pursuant to the Maryland Uniform Electronic Legal
Materials Act (§§ 10-1601 et seq. of the State
Government Article) this document is authentic.



Gregory Hilton, Clerk

This appeal involves claims of tenant holding over and breach of contract relative to three commercial leases. Two leases were for properties in Anne Arundel County, 245 West Street and 8201 Veterans Highway. The third was for a property in Baltimore County, 1600 Eastern Boulevard.[1] Appellant SG Maryland, LLC ("Landlord") was the landlord (and plaintiff below) on all three leases, and Appellee PMIG 1024, LLC ("Tenant") was the tenant (and defendant below) on all three. After the Circuit Court for Anne Arundel County dismissed Landlord's tenant-holding-over claims for lack of subject matter jurisdiction and its breach of contract claims as time-barred, Landlord noted this appeal.

Here, Landlord presents three questions.[2] For clarity, we have reordered and rephrased these questions as:

---

[1] We note that Landlord's Complaint refers to this property as "1600 Eastern Avenue," but the correct address, as listed in the lease, is "1600 Eastern Boulevard."

[2] Landlord phrased its three questions as follows:

> i) Whether all of the elements of a breach of contract action have occurred such that the cause of action is complete when a court-issued temporary restraining order giving tenant the legal right to occupy and possess the premises in place?
>
> ii) Whether the statute of limitations in a breach of contract action should be tolled while a temporary restraining order giving tenant the legal right to occupy and possess the premises is in place?
>
> iii) Whether the circuit court erred in determining, pursuant to Cts. & Jud. Proc. § 4 401(4), that the district court has exclusive jurisdiction over tenant holdover claims for damages only when the amount in controversy exceeds $5000?

1. Did the circuit court err in dismissing Landlord's tenant-holding-over claims for lack of subject matter jurisdiction?

2. Did the circuit court err in dismissing Landlord's breach of contract claims as time-barred?

For the reasons stated below, we answer Question One in the affirmative and Question Two in the negative. Accordingly, we reverse in part, affirm in part, and remand Landlord's tenant-holding-over claims for further proceedings not inconsistent with this opinion.

## BACKGROUND

This appeal comes to us after several prior proceedings in the circuit court and a previous appeal to this Court. That appeal concerned Tenant's claim that it had a purchase option on the properties under the leases. The circuit court disagreed and we affirmed in *PMIG 1024, LLC v. SG Maryland, LLC*, No. 2576, Sept. Term, 2016, 2018 WL 509347 (Md. App. Jan. 23, 2018). We start by summarizing the facts that led to the prior proceedings, as they are also relevant to this appeal.

Tenant leased several properties, including the three at issue here, from Landlord and its predecessors in title. Tenant operated the three properties as gas stations. The parties agreed in 2006 to extend the initial lease terms. Several months before July 31, 2016, i.e., the date the extensions were set to expire, Tenant sought to exercise a purchase option it alleged it had under all three leases. Landlord refused and Tenant sued, seeking an order of specific performance. Tenant obtained a temporary restraining order ("TRO") on July 20, 2016, which was later extended by a preliminary injunction granted in August 2016. By virtue of the injunction, Tenant was allowed to remain in possession of the

2

three properties past the leases' expirations. Tenant continued to pay rent to Landlord in amounts ordered by the circuit court while the litigation was pending.

In December 2016, the circuit court granted summary judgment to Landlord, finding that Tenant did not have a contractual right to purchase the properties. When Tenant appealed that decision to this Court, the circuit court entered an order extending the preliminary injunction until the appeal was resolved. That extension was contingent on Tenant posting a $100,000 bond.

The extension was self-terminating. It provided that "upon resolution of the pending Appeal…the preliminary injunction shall immediately terminate and the properties subject to this injunction shall immediately return to the possession and control of [Landlord]." Additionally, the order stated that if the appeal ended in Landlord's favor, Landlord would have to "petition this Court for payment of damages associated with the injunction from the Bond funds, and/or for any other appropriate remedy, within thirty (30) days after issuance of a mandate pursuant to Rule 8-606."

This Court issued its Mandate affirming the circuit court on July 10, 2018. Consequently, Tenant was obliged to return possession of the three properties to Landlord. According to the parties' leases, in order to fully vacate the properties, Tenant was required to provide a Final Closure Letter ("FCL") from the Maryland Department of the Environment certifying that each property was free from environmental contamination. This was necessary because, for their use as gas stations, each property had large underground storage tanks. These tanks were removed in May 2018 for the property at 8201 Veterans Highway, in June 2018 for the property at 1600 Eastern

3

Boulevard, and in January 2019 for the property at 245 West Street. Obtaining the FCLs took time: Tenant provided the first letter on December 16, 2018, for the property at 1600 Eastern Boulevard; the second on July 25, 2019, for the property at 245 West Street; and the third on June 17, 2020, for the property at 8201 Veterans Highway.

While the process of removing the tanks and obtaining the FCLs was ongoing, Landlord moved for payment of damages under the $100,000 bond securing the preliminary injunction. Landlord alleged that it had been financially harmed by Tenant because Tenant was paying below market rent, had stopped paying rent for two of the properties before providing the FCLs, and had not paid property taxes on the properties for 2018. The circuit court denied this motion after holding a hearing in June 2019.

This appeal comes from a separate suit filed in the circuit court by Landlord on July 6, 2021. Landlord's Complaint sought damages based on Tenant's prior holding over of the properties. Landlord pled twelve counts, four for each of the three properties. For each property, Landlord asserted: (1) two breach of contract claims in the alternative, the first based on Tenant's contractual obligation to vacate the properties by the end of the lease on July 31, 2016, and the second based on Tenant's obligation to vacate following this Court's Mandate on July 10, 2018; and (2) two claims for Tenant's prior holding over under Section 8-402 of the Real Property Article. Like the breach of contract claims, these claims were pled in the alternative and ran from the expiration of the lease or the issuance of this Court's Mandate. The time period alleged in both sets of claims (breach of contract and tenant holding over) started with Tenant's alleged failure to vacate (either at the end of the lease or the issuance of this Court's Mandate) and ended when Landlord

4

received the FCL for each property.

Tenant moved to dismiss Landlord's Complaint on a number of grounds. As to Landlord's tenant-holding-over claims, Tenant asserted that the circuit court lacked subject matter jurisdiction over them. Tenant also argued that all of Landlord's claims were time-barred. The circuit court held a hearing on Tenant's motion to dismiss and concluded that it did not have jurisdiction over Landlord's tenant-holding-over claims because the "District Court has exclusive jurisdiction" over such claims. As to Landlord's breach of contract claims, the circuit court concluded they were time-barred. During the hearing, the circuit court pointed out that nothing, including the injunction, had precluded Landlord from filing its breach of contract claims earlier to avoid a limitations problem. Landlord timely appealed the circuit court's dismissal.

We will add facts below as needed.

## STANDARD OF REVIEW

Maryland Rule 2-322(b)(1) permits a defendant to file a motion to dismiss for a lack of subject matter jurisdiction; Rule 2-322(b)(2) permits a defendant to move to dismiss for failure to state a claim upon which relief can be granted. The standard for reviewing the granting of a motion to dismiss—for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted—is whether the trial court was legally correct. *Unger v. Berger*, 214 Md. App. 426, 432 (2013) (citations omitted) (reviewing a motion to dismiss for lack of subject matter jurisdiction); *Sullivan v. Caruso Builder Belle Oak, LLC*, 251 Md. App. 304, 316 (2021) (citations omitted) (reviewing a motion to dismiss for failure to state a claim upon which relief may be granted). Thus, we

5

review such decisions de novo. *Unger*, 214 Md. App. at 432 (citations omitted); *Sullivan*, 251 Md. App. at 316 (citations omitted). We presume that all well-pleaded facts in the complaint are true, along with any reasonable inferences derived from them. *Unger*, 214 Md. App. at 432 (citations omitted); *Sullivan*, 251 Md. App. at 317 (citations omitted).

## DISCUSSION

### I. Jurisdiction for Tenant-Holding-Over Claims

Landlord argues that the circuit court erred in dismissing its tenant-holding-over claims for lack of subject matter jurisdiction. We agree.

Determining whether the circuit court had subject matter jurisdiction over Landlord's tenant-holding-over claims hinges on several different statutes of the Maryland Code as well as caselaw interpreting those statutes. First, Section 8-402(a)(3)(i) of the Real Property Article specifies where to bring damage claims related to tenant holdovers. It provides that "[a]ny action to recover damages under this section [i.e., for tenant holdovers] may be brought by suit separate from the eviction or removal proceeding or in the same action and *in any court having jurisdiction over the amount in issue*." Md. Code Ann., Real Prop. ("RP") § 8-402(a)(3)(i) (emphasis added). Second, Section 4-405 of the Courts and Judicial Proceedings Article delineates when exclusive jurisdiction for tenant holdover claims is with the District Court. It provides that the District Court has exclusive jurisdiction over "small claims," including a "…landlord and tenant action [for nonpayment of rent and tenant holdovers] in which the amount of rent claimed does not exceed $5,000 exclusive of interest and costs." Md. Code Ann., Cts. & Jud. Proc. ("CJP") § 4-405. Third, the District Court also has "exclusive original civil

6

jurisdiction in…[a]n action involving landlord and tenant, distraint, or wrongful detainer, *regardless of the amount involved*." CJP § 4-401(4) (emphasis added).[3]

Read together, these statutes tell us that the District Court did not have exclusive jurisdiction over Landlord's tenant-holding-over claims. Where a tenant has already vacated the premises, the District Court does not have exclusive jurisdiction over landlord-tenant actions under CJP Section 4-401(4) because the tenant is no longer in possession. *See Greenbelt Consumer Servs., Inc. v. Acme Markets, Inc.*, 272 Md. 222, 229–30 (1974). *See also Williams v. Hous. Auth. of Baltimore City*, 361 Md. 143, 157 (2000). In *Greenbelt*, a landlord brought a breach of contract action in the District Court to recover unpaid rent from a tenant, who had already vacated the premises. *Greenbelt*, 272 Md. at 223. The Supreme Court held that a breach of contract action to collect unpaid rent was not one of the *possessory* actions that the General Assembly assigned exclusively to the District Court under CJP Section 4-401(4). *Id.* at 228–30. The Court explained in *Greenbelt*, and reiterated in *Williams*, that the actions "involving landlord and tenant" referred to in CJP Section 4-401(4) are limited to "only those *possessory* in rem or quasi in rem actions that provided a means by which a landlord might rapidly and inexpensively *obtain repossession of* his premises situated in this State or seek security

---

[3] We note that CJP Section 4-401 is subject to the exceptions delineated in CJP Section 4-402, which include an exception allowing plaintiffs to file suit in the District Court or a trial court of general jurisdiction if the amount in controversy exceeds $5,000. However, as Tenant points out, CJP Section 4-402 explicitly states that this exception does not apply to CJP Section 4-401(4). CJP § 4-402(d)(1)(i).

7

for rent due from personalty located on the leasehold." [4] *Greenbelt*, 272 Md. at 229

(emphasis added); *Williams*, 361 Md. at 157 (quoting *Greenbelt*).

Like the landlord in *Greenbelt*, Landlord was not seeking to repossess the

properties in this case. Indeed, Landlord alleged in its Complaint that Tenant had already

vacated the properties before Landlord filed this action in July 2021. Landlord had, as it

put forth in the Complaint, already recovered possession of each property after receiving

the corresponding FCL and was only seeking damages. [5]

Section 8-402(a)(3)(i) of the Real Property Article makes clear that an action to

recover damages from a tenant holding over "may be brought by suit separate from the

eviction or removal proceeding…and in any court having jurisdiction over the amount in

issue." RP § 8-402(a)(3)(i); *see also Velicky v. Copycat Bldg. LLC*, 476 Md. 435, 459

(2021) (explaining that "[a]lthough tenant holding over actions are purely possessory in

___

[4] Although the Court in *Greenbelt* held that CJP Section 4-401(4) refers to "actions for forcible entry and detainer, *including those for a tenant holding over*, as authorized by the British statutes and [RP Section 8-402(b),]" its conclusion was "reinforced by the significant fact that each of these Real Property Article provisions specifically mandates that the actions described therein are to be brought in the District Court where the property is situated." *Greenbelt*, 272 Md. at 230 (emphasis added). As discussed above, actions to recover damages under RP Section 8-402 may be brought by suit separate from eviction or removal proceedings in *any* court having jurisdiction over the amount in issue. RP § 8-402(a)(3)(1).

[5] In Paragraph 21 of the Complaint, Landlord alleges that Tenant "did not fully vacate 1600 Eastern Boulevard until December 21, 2018[.]" In Paragraph 24, Landlord alleges that Tenant "did not fully vacate 245 West Street until July 25, 2019[.]" In Paragraph 27, Landlord alleges that Tenant "did not fully vacate 8201 Veterans Highway until June 17, 2020[.]" These three dates are the same as those on which the FCLs were issued for the respective properties.

nature, the landlord may request a judgment for actual damages against the tenant or the person in actual possession that are caused by the [holdover]").

Here, the amount that Landlord was seeking in damages was another reason that the District Court did not have exclusive subject matter jurisdiction. Not only had Tenant vacated, but when Landlord filed, it sought damages well in excess of the $5,000 "small claims" limit.[6] Consequently, neither of the provisions that might have established the District Court's exclusive jurisdiction over Landlord's tenant-holding-over claims—CJP Section 4-401(4) and CJP Section 4-405—was applicable here.

In an attempt to overcome this conclusion, Tenant makes two arguments. First, Tenant argues that under CJP Section 4-401(4), Landlord's tenant-holding-over claims are landlord-tenant actions that are to be brought exclusively in the District Court. As previously discussed, *Greenbelt* explicitly rejects this argument and explains that CJP Section 4-401(4) only covers possessory actions. *See Greenbelt*, 272 Md. at 228–29 (rejecting an interpretation of CJP Section 4-401(4) that "any action between a landlord and a tenant, no matter its scope or the amount involved, would have to be brought in the District Court…").

Second, Tenant contends that Landlord cannot file tenant-holding-over claims at

---

[6] The Rent Table from the Amended Lease Agreement, which was attached to the Complaint, suggests that the annual rental amounts in 2016 for the three properties were $72,066 (or $6,005.50 per month), $100,327 (or $8,360.58 per month), and $107,392 (or $8,949.33 per month). As an exhibit, this document is part of the Complaint. Md. Rule 2-303(d) ("A copy of any written instrument that is an exhibit to a pleading is a part thereof for all purposes.").

9

all because Tenant was no longer in possession of the three properties when the Complaint was filed.[7] Citing to *Velicky*, Tenant states that in order to succeed in bringing a tenant-holding-over claim, a plaintiff must prove four elements: "prior possession, a lease that has expired, proper notice to quit, and the tenant's refusal to vacate[.]" *See Velicky*, 476 Md. at 452–53.[8] Tenant argues that because Landlord cannot prove the last element, as Tenant vacated before Landlord filed the Complaint, it cannot successfully make such a claim.

By acknowledging that Tenant was no longer in possession, Tenant's second argument proves too much. While possessory actions brought under the tenant-holding-over statute are within the exclusive jurisdiction of the District Court under CJP Section 4-401(4) and require possession, claims for damages from a prior holdover have no such requirement and are not within the District Court's exclusive jurisdiction unless for $5,000 or less. Section 8-402(a)(3)(i) of the Real Property Article specifically provides that such actions for damages, like Landlord's claims here, can be brought separately in any court having jurisdiction over the amount in issue. RP § 8-402(a)(3)(i). Because Landlord's Complaint alleges damages of more than $5,000, under

---

[7] Tenant additionally contends that the circuit court lacked jurisdiction to hear the tenant-holding-over claims related to the property in Baltimore County. But the circuit court's order did not dismiss the tenant-holding-over claims for this reason. As such, we do not take up Tenant's argument on this point.

[8] *Velicky* does not advance Tenant's argument here because the landlord in *Velicky* only sought repossession of the property and did not seek money damages. *See Velicky*, 476 Md. at 479 (explaining that the landlord "is not seeking a money judgment; it is seeking repossession of its possessory interest").

circumstances where Tenant is no longer in possession, its tenant-holding-over claims were not within the District Court's exclusive jurisdiction. Thus, the circuit court should not have dismissed Landlord's tenant-holding-over claims for lack of subject matter jurisdiction.

## II.     Statute of Limitations

A motion to dismiss should not be granted for failure to file within the statute of limitations "unless it is clear from the facts and allegations on the face of the complaint that the statute of limitations has run." *Rounds v. Md.-Nat'l Cap. Park & Plan. Comm'n*, 441 Md. 621, 655 (2015) (citations omitted). The applicable statute of limitations on Landlord's breach of contract claims is CJP Section 5-101, which provides that "[a] civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced." The legislature's purpose in creating such statutory periods is to serve the interests of plaintiffs by allowing sufficient time for investigation and filing; the interests of defendants by creating certainty that they will not need to respond to unreasonably delayed claims; and the interests of society by promoting judicial economy. *See, e.g.*, *Nationwide Mut. Ins. Co. v. Shilling*, 468 Md. 239, 259 (2020) (quoting *Ceccone v. Carroll Home Servs., LLC*, 454 Md. 680, 691 (2017)). In order to give effect to the policy judgments of the legislature, we "typically construe such statutes strictly." *Murphy v. Liberty Mut. Ins. Co.*, 478 Md. 333, 343 (2022) (citations omitted).

Landlord appeals the circuit court's dismissal of the breach of contract claims on the basis of limitations, arguing that its Complaint was timely either because (1) its cause

11

of action did not accrue on July 31, 2016, when the original leases ended, or (2) that the limitations period was tolled until this Court's Mandate issued on July 10, 2018.[9] We disagree with both contentions.

### A. Accrual

The question of when a cause of action accrues under CJP Section 5-101 is left to judicial determination. *Frederick Rd. Ltd. P'ship v. Brown & Sturm*, 360 Md. 76, 95 (2000) (citations omitted). This determination may be based "solely on law, solely on fact, or on a combination of law and fact, and is reached after careful consideration of the purpose of the statute and the facts to which it is applied." *Id*. To determine the accrual date, we look to when the complaining party suffered the actionable harm and could have first maintained its action to a successful result. *Patriot Constr., LLC v. VK Elec. Servs., LLC*, 257 Md. App. 245, 265 (2023) (citations omitted); *Smith v. Westminster Mgmt., LLC*, 257 Md. App. 336, 382 (2023) (citations omitted). Thus, we look at when "all of the elements of a cause of action have occurred so that it is complete." *St. Paul Travelers v. Millstone*, 412 Md. 424, 432 (2010) (citations omitted); *see also Bacon v. Arey*, 203 Md. App. 606, 652 (2012) (explaining that all elements including damages, however trivial, must be present) (citations omitted).

A cause of action for breach of contract typically accrues at the time of breach.

---

[9] Below, Tenant raised limitations as an alternate basis for dismissing Landlord's tenant-holding-over claims. But, after its dismissal of these claims on jurisdictional grounds, the circuit court did not reach the issue of limitations as applied to these claims. Here, neither party questions whether limitations also bars Landlord's tenant-holding-over claims. Accordingly, we do not reach this question either. Md. Rule 8-504(a)(3) (requiring that an appellate brief contain "[a] statement of the questions presented").

*Kumar v. Dhanda*, 426 Md. 185, 195–96 (2012) (citations omitted). The statute of limitations (here, three years) runs from the time "when a plaintiff knows or should have known of the breach." *Fitzgerald v. Bell*, 246 Md. App. 69, 88 (2020) (citations omitted). In order to determine whether a legally cognizable cause of action existed, we must look to the elements of a breach of contract claim: contractual obligation, breach, and damages. *See Kumar v. Dhanda*, 198 Md. App. 337, 345 (2011), *aff'd*, 426 Md. 185 (2012).

Here, Landlord argues that its cause of action did not accrue on July 31, 2016, i.e., the date the leases expired. Specifically, Landlord asserts that the TRO (which took effect before July 31, 2016) and the subsequent preliminary injunction, together, meant that as of July 31, 2016, it had no legal basis to argue that it had been damaged or that Tenant had an obligation to vacate. Moreover, Landlord claims that because the amount of damages depended on the duration of the TRO, this element was also in question. These arguments fail.

Landlord's argument that Tenant had no obligation to vacate as of July 31, 2016, or that it had no basis to argue that it had been damaged as of that date is belied by the allegations in Landlord's Complaint. There, Landlord repeatedly alleges that Tenant breached a contractual obligation under the leases to physically vacate the premises, remove the underground storage tanks, and obtain FCLs by July 31, 2016. As to the impact of the injunction, Landlord alleged that Tenant's permission to remain on the premises after July 31, 2016, hinged on the injunction, and "not because of any contractual agreement between the parties." Although Landlord may not have been able

13

to forcibly remove Tenant from the premises on July 31, 2016, the injunction did not affect Landlord's ability to bring a suit for damages stemming from Tenant's failure to vacate under the terms of the parties' leases.

Landlord's argument that there were no cognizable damages as of July 31, 2016, also fails. Although damages must be present, accrual still occurs even when the precise amount of damages is not known so long as some evidence of legal harm has been shown; "ignorance as to the exact amount of damages sustained at discovery of wrong is not a sufficiently sound reason to postpone the accrual of the action or toll the running of limitations." *Supik v. Bodie, Nagle, Dolina, Smith & Hobbs, P.A.*, 152 Md. App. 698, 716 (2003) (citations omitted) (cleaned up).

Landlord admits, by its own allegations, that it knew that Tenant was in breach on July 31, 2016, when the leases ended and Tenant had not physically vacated the property, removed the underground storage tanks, or obtained the FCLs. Landlord alleges that Tenant's possession of the three properties after this date prevented it from obtaining a new tenant and receiving fair market rental value, causing damages of lost income. For example, at Paragraph 33 in its Complaint, Landlord avers that "[d]ue to the breach by [Tenant], [Landlord] has lost business opportunities associated with the SG Properties" and that "[Landlord] was unable to sell or relet the properties for the duration of [Tenant's] injunction." Even though the full extent of the damages would not have been determined as of July 31, 2016, such damages were in fact cognizable at that point because it was then that Landlord knew that Tenant had not fully vacated and that, as a consequence, Landlord would not be able to relet the properties. That Landlord had been

14

damaged by Tenant's breach was made even more plain when, in August 2016, the circuit court issued an order dictating what Tenant would have to pay on a monthly basis under the injunction. Landlord certainly knew then that the amount ordered was less than what Landlord believed was fair rental value.

The cause of action in this case accrued on July 31, 2016, the date upon which the parties' leases expired by their own terms and on which Tenant breached by not fully vacating. This accrual date means that the filing deadline was July 31, 2019, about two years before Landlord filed on July 6, 2021. Accordingly, we agree that Landlord's breach of contract claims were time-barred.

### B. Tolling

In an attempt to avoid the conclusion that its claims were time-barred, Landlord argues that, even if its claims accrued on July 31, 2016, limitations should be tolled until July 10, 2018, under the doctrine of "judicial tolling," because before the injunction expired, it was unable to complete its claims. We disagree. Judicial tolling is applied rarely and narrowly. *See Antar v. Mike Egan Ins. Agency, Inc.*, 209 Md. App. 336, 341–65 (2012) (emphasizing the traditional rule against engrafting implied or equitable exceptions upon the statute of limitations). We only recognize a tolling exception to a statute of limitations if: "(1) there is persuasive authority or persuasive policy considerations supporting the recognition of the tolling exception, and (2) recognizing the tolling exception is consistent with the generally recognized purposes for the enactment of statutes of limitations." *Philip Morris USA, Inc. v. Christensen*, 394 Md. 227, 238 (2006), *abrogated on other grounds by Mummert v. Alizadeh*, 435 Md. 207, 229–30

15

(2013).

Here, Landlord does not contend, and we do not see, that its situation is comparable to the rare circumstances in which we have judicially tolled a limitations period. We briefly review these exceptional cases to illustrate their differences. In *Philip Morris USA, Inc. v. Christensen*, which established the two-part test for judicial tolling, the issue before the Maryland Supreme Court was the class action tolling doctrine. 394 Md. at 231. The Court was careful to explain how notice restrictions on the scope of the class action tolling rule it adopted in that case were necessary to ensure consistency with the purpose of the statute of limitations. *Id.* at 242–57. In *Bertonazzi v. Hillman*, 241 Md. 361 (1966), the Court carved out an exception to a six-month statute of limitations when the plaintiff had timely filed their claim, but in the wrong forum. The Court allowed this narrow exception because doing so was consistent with the policy of giving defendants fair notice. *Id.* at 367. The Court has since reiterated the limited nature of the exception recognized in *Bertonazzi* and emphasized that the case must also be understood in context: at the time, "Maryland was one of but a mere handful of states having neither a saving statute nor a venue transfer statute[.]" *Walko Corp. v. Burger Chef Sys., Inc.*, 281 Md. 207, 214 (1977). More recently, in *Swam v. Upper Chesapeake Medical Center, Inc.*, 397 Md. 528 (2007), the Court similarly tolled the statute of limitations in light of a plaintiff's reasonable misreading of a statutory ambiguity regarding the appropriate forum. In *Swam,* the Court again emphasized how plaintiffs' timely filing in the wrong forum gave defendants notice consistent with the statute's purpose. *Id.* at 543–44.

Unlike a contention about rare circumstances, Landlord's argument that it was

16

unable to complete its claims before July 10, 2018, does not support judicial tolling. *Cf.*

*Kumar*, 198 Md. App. at 345 n.3 (holding that judicial tolling did not apply where, while

attending agreed-upon arbitration, plaintiff was not precluded from filing suit and seeking

a stay of proceedings pending completion of arbitration "prophylactically to guard

against the running of the statute of limitations"). Here, as in *Kumar*, and, as the circuit

court pointed out during the hearing, nothing stopped Landlord from filing its breach of

contract claims before the statute of limitations ran. We also note, as did the circuit court,

that Landlord had over a year after the Mandate issued on July 10, 2018, and before

limitations ran on July 31, 2019, to file its Complaint.

In conclusion, Landlord does not and cannot point to any applicable statutory or

judicially recognized exception to the statute of limitations, and we decline to adopt one

in this case. Landlord's breach of contract claims were time-barred and were properly

dismissed for that reason.

**JUDGMENT OF THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY REVERSED IN PART AND AFFIRMED IN PART. CASE IS REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION; COSTS TO BE DIVIDED EVENLY BETWEEN APPELLANT AND APPELLEE.**